# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In Re:                                    )

                                           )

      Ronald G. Everett and          )     CASE NO. 05-12743-TOM-7

      Connie D. Everett,            )

                   Debtors.     )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Debtors' Motion to Reopen. It appears that no notice and hearing is necessary for the resolution of this motion. This Court has jurisdiction. 28 U.S.C. §1334(b). This is a core proceeding. 28 U.S.C. §157(b)(2)(A). The Court has considered the motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows. The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 15, 2005. On October 25, 2005, this Court issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made and directing creditors not to file a proof of claim until they received a notice from the Court to do so. No notice to file claims was ever issued. The trustee filed his Final Report on April 7, 2006. An order discharging the debtors from all dischargeable debts was entered on January 23, 2006. The case was closed on April 10, 2006.

On August 5, 2006, Ronald G. Everett and Connie D. Everett filed a Motion to Reopen Case. Along with the Motion to Reopen, Ronald G. Everett paid a filing fee of $220.00 on August 5, 2006. (Proceeding No. 20) In that motion, the debtors requested that the case be reopened to amend the schedules to add a debt that preexisted the filing of the Chapter 7 case. Pursuant to 11 U.S.C. §350,

1

a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause."  The only stated reason for wanting to reopen the case was to amend the schedules to add a debt.  Presumably, the debtors are concerned that the debt was not discharged because of the failure to properly list it.  The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. §727.  That section provides that the debtor is "discharged . . . from all debts that arose before the date of the order for relief."  Nothing in §727 prevents an unscheduled debt from being discharged.   There is no indication that either the debtors or the creditor wish to file an adversary proceeding regarding the dischargeability of the debt in question.

Therefore, the Court concludes that cause does not exist for the case to be reopened.  Any debts which were dischargeable were discharged by the Court's order of January 23, 2006.[1]  Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen Case is **DENIED**.  It is further

**ORDERED, ADJUDGED AND DECREED** that the Clerk, U.S. Bankruptcy Court, shall submit a voucher to the U.S. District Court for a refund of $220.00 to:

Harold Douglas Redd
2300 Sweeney Hollow Road
Birmingham, Alabama  35215

---

[1] The Court would cite the parties to the decision on this issue which was previously entered in <u>In re Coleman</u>, Case No. 93-03514-TOM-7, December 29, 1995, for more in depth analysis of the issue of reopening Chapter 7 cases to amend schedules.

Case 05-12743-TOM7    Doc 21    Filed 08/08/06    Entered 08/08/06 15:25:25    Desc Main
Document      Page 2 of 3

Dated this the 8th day of August, 2006.

                                           **/s/ Tamara O. Mitchell**
                                           TAMARA O. MITCHELL
                                           United States Bankruptcy Judge

TOM:ejb

xc:     Debtors
          Harold Douglas Redd, Attorney for Debtors
          Thomas E. Reynolds, Chapter 7 Trustee
          Financial Administrator, U.S. Bankruptcy Court